IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA                           PLAINTIFF/RESPONDENT

v.                          No. 5:10-CR-50066

AMIE GLASS                                         DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 20, 2011, the Defendant/Movant Amie Glass (hereinafter "Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 14). The Government filed a Response on June 10, 2011. (Doc. 18). While afforded the opportunity to file a Reply by July 5, 2011, Defendant did not do so. Her § 2255 motion is now ripe for consideration and is before the undersigned for Report and Recommendation.

### Background

On July 20, 2010, Defendant appeared with retained counsel before the Honorable Jimm Larry Hendren, Chief United States District Court Judge (Doc. 4), agreed to waive Indictment, and consented to prosecution by Information. (Doc. 1). The one-count Information charged that from on or about August 2009, continuing through on or about February 2010, Defendant forged and counterfeited postage stamps/labels, in violation of 18 U.S.C. § 501. (Doc. 2).

On July 20, 2010, Defendant, pursuant to a written plea agreement, pled guilty to the one-count Information. (Doc. 5). On December 1, 2010, Defendant was sentenced to 18 months imprisonment, 3 years supervised release, $1,714.88 in restitution, a $3000.00 fine with interest

waived, and a $100 special assessment. (Doc. 12). Defendant was also sentenced to 4 months imprisonment for violating a previously imposed term of supervised release, which sentence was to run consecutively to her sentence in the current case. (Doc. 9). Defendant did not appeal her conviction or sentence.

On May 20, 2011, Defendant filed the instant *pro se* Motion to Vacate under 28 U.S.C. § 2255. Defendant asserts four grounds for relief. Under her first ground for relief, Defendant asserts that her conviction was (1) obtained by use of a coerced confession, (2) was obtained by use of evidence obtained pursuant to an unlawful arrest, (3) was obtained by a violation of the privilege against self-incrimination, and (4) was obtained by a violation of the protection against double jeopardy. In Defendant's second through fourth grounds for relief, Defendant asserts that the District Court Judge failed to consider a letter submitted on her behalf; that Defendant's confession was obtained by use of evidence pursuant to an unconstitutional search and seizure; that Defendant's conviction was obtained by the unconstitutional failure of the prosecution to disclose to the District Court Judge that Defendant had paid restitution in full; and that the District Court Judge imposed sentence without taking the restitution payment into account. Defendant also submitted a personal hardship and post-sentencing rehabilitation request for relief. The Government asserts that Defendant's grounds for relief are procedurally defaulted. With regard to the personal hardship request, the Government asserts that Defendant is not the proper person to request such relief.

AO72A
(Rev. 8/82)

**Discussion**

I.   **Procedural Default**

Habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal, and significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which she failed to raise on direct review. See United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001)(citing Bousley v. United States, 523 U.S. 614, 621, (1998)), cert. denied, 534 U.S. 1097 (2002). "More specifically, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." Id.; see also Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998)(where issue is raised for the first time in a § 2255 motion and petitioner did not raise the issue at trial or on direct appeal, the issue is procedurally defaulted), cert. denied, 528 U.S. 846 (1999).

The Defendant has made no showing that she is actually innocent of the crime of which she was convicted. Thus, her failure to raise her claims on direct appeal procedurally bars her from raising them in the motion now before the Court unless she can demonstrate cause for her default and resulting prejudice.

Defendant states that she did not appeal her conviction or sentence because she "was advised it would do me no good." (Doc. 14, p. 8). To the extent Defendant may be asserting that counsel was ineffective in this regard, for this to constitute cause and prejudice to excuse her procedural default, Defendant must show that counsel's assistance fell below an objective standard of reasonableness and that the deficient performance prejudiced the Defendant. See Becht v. U.S. 403 F.3d 541, 545 (8th Cir. 2005), cert. denied, 546 U.S. 1177 (2006). Counsel

AO72A
(Rev. 8/82)

must advise a Defendant of the advantages and disadvantages of appealing and make a reasonable effort to determine the Defendant's wishes. See Keys v. United States, 545 F.3d 644, 647 (8th Cir. 2008). Once counsel consults with a Defendant about her right to appeal, counsel's subsequent performance is professionally unreasonable only if he fails to follow the Defendant's express instructions with respect to an appeal. Id.

Defendant makes no allegation that counsel failed to consult with her about her right to appeal or that she requested counsel to file an appeal but he failed to do so. Counsel's alleged advice that an appeal would be futile cannot constitute cause and prejudice excusing the Defendant's procedural default absent some showing that counsel's advice was unreasonable and that this advice prejudiced the Defendant. Cf. United States v. Salinas, 2006 WL 314454, * 4 (S.D. Ala. 2006) (counsel's advice that prospects for prevailing on appeal were grim did not constitute ineffective assistance of counsel in absence of showing that counsel's pessimism was unreasonable or incompetent), aff'd, 226 Fed. Appx. 863 (11th Cir. 2007); United States v. Planas, 884 F. Supp. 1488, 1493 (D. Kan. 1995) (counsel was not ineffective in advising defendant that there was not a "chance in Hell" that appeal would succeed, where record demonstrated that appeal would have been futile), aff'd, 62 F.3d 1429 (10th Cir.). The Defendant can make no such showing, as an appeal based on the claims she presents in her current motion would, indeed, have been futile, given that the claims were either waived by her guilty plea or are without merit.

## II.   Challenges to Conviction - Waived by Guilty Plea

Defendant challenges the validity of her conviction, asserting claims that she was subjected to an allegedly coerced confession; an allegedly unconstitutional search and seizure;

an allegedly unlawful arrest; the violation of her privilege against self-incrimination; an alleged double jeopardy violation; and a failure by the Government to disclose that she had paid restitution in full. These claims are not challenges to the District Court's jurisdiction, and, therefore, were waived when the Defendant entered a guilty plea. See Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997) ("The general rule is that a valid guilty plea waives all non-jurisdictional defects); Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989) (by pleading guilty, the defendant waived claims regarding Fourth Amendment violations, privilege against self-incrimination, and failure to disclose favorable evidence), cert. denied, 493 U.S. 869; United States v. Herzog, 644 F.2d 713, 716 (8th Cir. 1981) (double jeopardy is a personal defense and not jurisdictional and questions of double jeopardy usually cannot, after conviction, be raised under § 2255), cert. denied, 451 U.S. 1018. The Defendant does not challenge the validity of her guilty plea - that is, whether her plea was knowing and voluntary – in the motion now before the Court, nor could she make such a challenge, given that she failed to do so in a direct appeal. See United States v. Apker, 174 F.3d 934, 938 (8th Cir. 1999).

**III.   Challenges to Sentence - Without Merit**

The Defendant appears to raise two challenges to her sentence. First, the Defendant argues that the District Court pronounced sentence without taking into account that she had made restitution. The transcript of the sentencing hearing indicates that the District Court Judge imposed restitution and, at the conclusion of the sentencing hearing, was advised by defense counsel that the restitution amount had been tendered to the Government. (Doc. 13 at pgs. 48-49.) Whether the District Court Judge was informed of the restitution payment before or after imposing sentence is of no consequence, as there is nothing indicating that this fact would have

had any impact on the Defendant's sentence and the Defendant, obviously, would be given credit for the restitution payment regardless of whether it was brought to light before or after the imposition of sentence.

The Defendant's second argument appears to be that the District Court Judge did not give proper consideration to a letter submitted on Defendant's behalf by Holly Knox, as the District Court Judge initially stated that he had overlooked it. The Court sees no merit to this argument, as the District Court Judge clarified that he had in fact seen the letter - in fact, as pointed out by defense counsel, it was included in the Pre-Sentence Report – and the District Court Judge went on to comment on the opinion expressed by Knox in the letter. (Id. at pgs. 31, 39.)

Finally, Defendant attaches a letter to her § 2255 Motion requesting a reduction of sentence/compassionate release based on family hardship and post-sentencing rehabilitation. (Doc. 14 at pg. 22). Section 2255 does not authorize the relief Defendant requests. The provision of law which would permit the Court to modify Defendant's term of imprisonment under certain circumstances is 18 U.S.C. § 3582.

Title 18 U.S.C. § 3582(c) permits a court to reduce a defendant's term of imprisonment, upon motion of the Director of the Bureau of Prisons, under extraordinary and compelling reasons; or if the defendant is at least 70 years of age, has served at least 30 years in prison, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community.

In this case, Defendant has not provided to the Court evidence that the Director of the Bureau of Prisons has moved to modify her imposed term of imprisonment. Thus, while the Court is sympathetic to the Defendant's family situation and the Defendant is to be commended

AO72A
(Rev. 8/82)

for her rehabilitation efforts, the Court has no authority to modify her sentence based on either of these circumstances.

## Conclusion

Based upon the forgoing, the Court recommends that the Defendant's § 2255 motion (Doc. 14) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 9TH day of November, 2011.

/s/ *Erin L. Setser*
  HON. ERIN L. SETSER
  UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)